**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | | |
|---|---|---|---|
| PAUL HICKS, | ) | | |
| ID # 38528-177, | ) | | |
| Movant, | ) | No. 3:12-CV-4318-O (BH) | |
| vs. | ) | No. 3:09-CR-0036-O (01) | |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| Respondent. | ) | Referred to U.S. Magistrate Judge | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct his sentence should be **DENIED** with prejudice as barred by the statute of limitations.

## I. BACKGROUND

Paul Hicks (Movant), an inmate in the federal prison system, filed a *Motion to Vacate, Correct, or Amend the Petitioner's Sentence Under 28 U.S.C. § 2255* (Mot), along with a supporting memorandum (Mem.) to challenge his federal conviction and sentence in Cause No. 3:09-CR-0036-O. The respondent is the United States of America (Government).

On February 3, 2009, movant was charged with the receipt and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and 2252(a)(4)(B). (*See* doc. 1).[1] He pled guilty to receipt of child pornography pursuant to a plea agreement on March 30, 2009, and was sentenced to 180 months imprisonment followed by a life term of supervised release on July 2, 2009. Judgment was entered in the case on July 7, 2009. (docs. 11, 14, 16, 19).

Movant did not directly appeal his conviction. His motion to vacate, filed on October 26,

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:09-CR-036-O.

2012, contends that his trial counsel was ineffective by: 1) failing to properly investigate and present

a defense; 2) coercing him to plead guilty, resulting in an involuntary plea; and 3) failing to file a

notice of appeal as requested.  (Mot. at 3, Mem. at 14-19).

### III.  STATUTE OF LIMITATIONS

"[Section] 2255 establishes a '1-year period of limitation' within which a federal prisoner

may file a motion to vacate, set aside, or correct his sentence under that section."  *Dodd v. United*

*States*, 545 U.S. 353, 356 (2005).  It states:

> A 1-year period of limitation shall apply to a motion under this section.  The
> limitation period shall run from the latest of –
>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created by
>> governmental action in violation of the Constitution or laws of the
>> United States is removed, if the movant was prevented from making
>> a motion by such governmental action;
>>
>> (3) the date on which the right asserted was initially recognized by
>> the Supreme Court, if that right has been newly recognized by the
>> Supreme Court and made retroactively applicable to cases on
>> collateral review; or
>>
>> (4) the date on which the facts supporting the claim or claims
>> presented could have been discovered through the exercise of due
>> diligence.

28 U.S.C. § 2255(f).

With regard to § 2255(f)(1), movant's conviction became final on July 17, 2009, when the

then ten-day period for filing a notice of appeal after the judgment was entered expired.  *See* FED.

R. APP. P. 4(b)(1) (amended as of December 1, 2009, to change the time for filing a notice of appeal

to fourteen days).  Movant does not allege that government action prevented him from filing a §

2255 petition earlier, and he has not alleged any newly recognized right.  Therefore, neither §

2255(f)(2) or (3) apply in this case.

Movant contends that his trial attorney was ineffective for failing to properly investigate, coercing him to plead guilty, and failing to file a notice of appeal. Therefore, with regard to § 2255(f)(4), the facts supporting this claim became known or could have become known through the exercise of due diligence when movant's conviction became final, with no notice of appeal having been filed. Because July 17, 2009, the date movant's conviction was final, is the latest of the dates under § 2255(f), the one-year statute of limitations began to run from that date. Because movant did not file his § 2255 motion until October of 2012, over three years after this date, his motion to vacate is untimely in the absence of equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In the context of a habeas petition filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797

3

(5th Cir. 2000) (per curiam).  Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, movant asserts that he should be granted equitable tolling in this case because he was "effectively abandoned" by his trial counsel when counsel did not file a notice of appeal, as requested.  (Mem. at 3).  He cites *United States v. Patterson*, where the Fifth Circuit found that equitable tolling was warranted because a *pro se* habeas litigant had relied to his detriment on the actions of the district court in granting his motion to dismiss his first § 2255 petition without prejudice. *Patterson* recognized that equitable tolling may be warranted in cases where a habeas petitioner has relied on misrepresentations by the court. *Id.* at 931.  The Fifth Circuit has also recognized that a habeas petitioner may be entitled to equitable tolling if he reasonably relies on misrepresentations made by counsel regarding the status of his appeal. *See United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002).  Here, however, movant does not allege that he relied on misrepresentations by the court or his trial counsel.  His supporting affidavit states that he was aware at the time he was sentenced that he had ten days to file an appeal and that he asked counsel to file an appeal on the same day he was sentenced.  The affidavit states that he followed up with a telephone call to counsel in October or November of 2009 and was informed at that time that counsel had not appealed his conviction and sentence.  (Mem. at 22).  At the time of this call, movant had at least eight months remaining in the one-year period to file a § 2255 motion, but he did not file his § 2255 motion until three years later.

Movant has therefore not shown that he diligently pursued his rights after he became aware that trial counsel did not file a notice of appeal, and he has not shown that extraordinary circumstances prevented him from filing his motion to vacate earlier.  Because movant has not met

his burden to establish circumstances warranting equitable tolling, his motion to vacate should be denied as untimely. *See United States v. Jackson*, 470 Fed. Appx. 324, *4-5 (5th Cir. May 1, 2012) (holding that § 2255 movant was not entitled to equitable tolling because he did not diligently pursue his rights where he claimed that counsel was ineffective because of erroneous advice given regarding his guilty plea, but waited many years to file his § 2255 after becoming aware that the advice was wrong).

## IV.  RECOMMENDATION

The Court should find Movant's motion to vacate, set aside, or correct sentence barred by the statute of limitations and **DENY** it with prejudice.

**SIGNED this 30th day of October, 2012.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE